ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| STEPHANIE ORTIZ LABARCA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrido | **KLRA202400478** | *REVISIÓN ADMINISTRATIVA* procedente de Bayamón<br><br>Caso Núm.: 2024PPSF00126<br><br>Sobre: Protección a menores |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante este foro, la Sra. Stephanie Ortiz Labarca (señora Ortiz o "la recurrente") por derecho propio, y nos solicita que revisemos una *Resolución* que emitió la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa). Mediante el referido dictamen, la Junta Adjudicativa desestimó con perjuicio el recurso de apelación por haber sido presentado fuera de término.

Por los fundamentos que se exponen a continuación, se **CONFIRMA** la determinación recurrida.

**I.**

El **30 de mayo de 2024** la ADFAN le notificó a la señora Ortiz una acción tomada en su contra en la que dicho organismo dispuso que conforme al Artículo 2 de la Ley Núm. 57 de 2023, mejor conocida como la *Ley para la Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de Menores*, había fundamento para ofrecerle servicios de protección a los menores, en su oficina local en Bayamón

Número Identificador
SEN2024 _____

I.[1] Asimismo, le indicaron que, como parte de sus derechos y deberes, la recurrente podía realizar un escrito ante la Junta Adjudicativa para que informara las razones por su desacuerdo, dentro del término de **quince (15) días** calendarios a partir de la fecha de notificación.

Así las cosas, el **26 de junio de 2024**, la señora Ortiz presentó un recurso de apelación ante la Junta Adjudicativa.[2] En esencia, esbozó que no había podido presentar la apelación por falta de información y orientación adecuada.

Luego de evaluar el recurso de la recurrente, el 8 de julio de 2024, la Junta Adjudicativa emitió la *Resolución* recurrida.[3] En ella, dispuso que la acción tomada por la ADFAN había sido notificada el **30 de mayo de 2024**, y la recurrente tenía hasta el **14 de junio de 2024**, por lo que la apelación había sido presentada fuera de término. En consecuencia, desestimó con perjuicio la apelación de la señora Ortiz. Asimismo, apercibió a la recurrente respecto al término de veinte (20) días, contados a partir del archivo en autos de dicha determinación, disponible para solicitar reconsideración.

Así pues, el 23 de julio de 2024, la señora Ortiz presentó una solicitud de reconsideración ante la Junta Adjudicativa.[4] Mediante la cual, reiteró que no presentó a tiempo la apelación por falta de orientación y estar mal informada.

---

[1] *Notificación de Acción Tomada con Referido de Maltrato de Menores*, anejo I, pág. 1 del apéndice del recurso. Según surge de la acción tomada por la ADFAN, la recurrente firmó que recibió dicha notificación el mismo día que fue emitida, el 30 de mayo de 2024.
[2] *Apelación*, anejo II, pág.2 del apéndice del recurso.
[3] *Resolución*, anejo III, págs. 3-4 del apéndice del recurso.
[4] *Reconsideración*, anejo IV, pág. 5 del apéndice del recurso.

Luego de evaluar dicha petición, el 30 de julio de 2024, la Junta Adjudicativa emitió una *Resolución en Reconsideración*, mediante la cual la declaró *No Ha Lugar*.[5]

Aún inconforme, el 28 de agosto de 2024, la recurrente acude ante este Foro por derecho propio y presenta el recurso de revisión judicial que nos ocupa. En síntesis, solicita que el informe emitido por la ADFAN sea reconsiderado, bajo el fundamento que dicho informe no tomó en consideración a la psicóloga de ambos menores, ni personal escolar.

Luego de evaluar el recurso presentado por la señora Ortiz, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores y procedemos a disponer del asunto que nos ocupa. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

**II.**

El Reglamento Núm. 9491 del 24 de agosto de 2023, *Reglamento para Establecer los Procedimientos de Adjudicación de Controversias Ante la Junta Adjudicativa del Departamento de la Familia*, dispone que la Junta Adjudicativa tiene jurisdicción para, entre otras cosas, resolver recursos de apelación provenientes de "[c]ualquier otro caso en que el Departamento o cualquiera de sus administraciones (ACUDEN, ADSEF Y ADFAN) emitiera una notificación de decisión y que, ya sea mediante reglamentación o por designación del Secretario, la Junta Adjudicativa tenga la facultad

---

[5] *Resolución en Reconsideración*, anejo V, pág. 7 del apéndice del recurso.

delegada para adjudicar la querella o Apelación". Artículo 6 (H) del Reglamento Núm. 9491.

Respecto al término disponible para presentar apelaciones relacionadas con "acciones tomadas", como lo es el caso de la acción tomada por ADFAN que impugna la recurrente, el Artículo 12 del precitado Reglamento establece lo siguiente:

> En los casos de acciones tomadas, la Apelación tiene que radicarse dentro del término de quince (15) días contados a partir del envío de la notificación, cuando se envíe por correo regular o, cuando se envíe por correo certificado con acuse de recibo, o se entregue personalmente.

### III.

Luego de evaluar el recurso que nos ocupa, así como la *Resolución* recurrida, concluimos que dicho foro actuó correctamente al desestimar la reclamación de la señora Ortiz por presentarse fuera de término.

Según surge del expediente, la acción tomada por la ADFAN fue notificada el **30 de mayo de 2024**, y la propia recurrente firmó que la recibió en la misma fecha. De conformidad con el Artículo 12 del Reglamento Núm. 9491 la recurrente contaba con un término de **quince (15) días** calendario, contados a partir de la notificación y archivo en autos, para presentar la apelación ante la Junta Adjudicativa. Por lo tanto, la señora Ortiz tenía hasta el **14 de junio de 2024** para que presentara la apelación ante la Junta Adjudicativa. Sin embargo, la presentó el **26 de junio de 2024**, según surge del correo electrónico enviado.

En consecuencia, resulta forzoso concluir que dicho organismo administrativo carecía de jurisdicción para atender el recurso de apelación presentado ante la agencia, debido a que fue presentado tardíamente; es

decir, cuando ya había transcurrido el término de quince (15) días según dispone el Reglamento Núm. 9491.

Así pues, el curso de acción correcto por parte de la Junta Adjudicativa era la desestimación del recurso. Por consiguiente, procedemos a confirmar el dictamen recurrido.

### IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la determinación recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones